UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| VIGHYAN PRATAP AND SUNILA PRATAP,<br><br>             Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK. N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>             Defendants. | No. C 12-06378 MEJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS LEAVE TO AMEND**<br>[Dkt. No. 4] |

## I. INTRODUCTION

This lawsuit arises from Plaintiffs Vighyan and Sunila Pratap's default on four loans and the resulting foreclosure on the four properties pledged to secure those loans. Pending before the Court is Defendants Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiffs' Complaint. Dkt. No. 4. Plaintiffs have filed an Opposition (Dkt. No. 9), and Defendants have filed a Reply (Dkt. No. 24). Defendants have also filed a Request for Judicial Notice. Dkt. No. 5. Because the Court finds this matter suitable for disposition based on the parties' written submissions, and oral argument would not assist the Court in making this decision, the Court **VACATED** the hearing set in this matter. Civil L.R. 7-1(b). For the reasons that follow, the Court **GRANTS** Defendants' Motion with leave to amend.

## II. BACKGROUND

**A. Overview**

Plaintiffs are the Trustors/Borrower on deeds of trust to four parcels of real property. Property one is a duplex located at 718 West Sunset Blvd. #722, Hayward, California, 94541-4722, APN No. 432-0020-041, ("718 Sunset"). Joint Case Management Conf. Stmnt, Dkt. No. 20 at 2.

Property two is a duplex located at 730 West Sunset Blvd. #734, Hayward, California, 94541-4722, APN No. 432-0020-040 ("730 Sunset"). *Id*. at 3. The third property is a single family residence located at 1844 Bockman Road, San Lorenzo, California, 94580-2133, APN No. 411-0051-032 ("1844 Bockman"). *Id*. at 3-4. The fourth property is a single family residence located at 1970 149th Avenue, San Leandro, California, 94578-1302, APN No. 080-0008-019, ("1970 149th Ave."). *Id*. at 4.

On November 12, 2012, Plaintiffs filed this lawsuit in Alameda County Superior Court. Dkt. No. 1, Ex. A. On December 17, 2012, Wells Fargo removed the case to this Court based on diversity jurisdiction. *Id*. The relevant allegations, taken from Plaintiffs' Complaint and Defendants' Request for Judicial Notice[1] are as follows.

---

[1] Pursuant to Federal Rule of Evidence 201(b)(2), Defendants request that the Court take judicial notice of 23 documents, attached as Exhibits A - W to Defendants' Request. Dkt. No. 5. As to Exhibits A - E, the Court has reviewed these documents and agrees with Defendants that it may properly take judicial notice of them as true and correct copies of documents reflecting official acts of the executive branch of the United States pursuant to California Evidence Code § 452, as well as information obtained from government websites. *See Preciado v. Wells Fargo Home Mortgage*, 2013 WL 1899929, at *3 (N.D. Cal. May 7, 2013) (taking judicial notice of same documents). As to Exhibits F and L, the Court has reviewed these documents and finds that it may take judicial notice of them because they are documents Plaintiffs refer to in the Complaint and form the basis of Plaintiffs' claims. *Id*. at *2. With respect to Exhibits G - K and M - W, the Court has reviewed these documents and finds that judicial notice is appropriate because they are true and correct copies of official records of the Alameda County Recorder's Office and their authenticity is capable of accurate and ready determination. *Id*.; *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Plaintiffs have filed an Objection to Defendants' Request for Judicial Notice, arguing that while the Court may take judicial notice of the fact that a document was recorded, it may not take judicial notice of factual matters stated therein. Dkt. No. 10. They argue that Defendants' Request seeks judicial notice of the truth of the matters asserted within those documents and those statements are hearsay and are reasonably subject to dispute. *Id*. at 2. In granting Defendants' Request and taking judicial notice of Exhibits A - W, the Court only takes judicial notice of undisputable facts – such as the filing or the fact that the document states something to give context, as opposed to for the truth of the matter asserted in any document. *See Preciado*, 2013 WL 1899929, at *2. Accordingly, the Court overrules Plaintiffs' objection.

**B.     The Properties**

    1.     718 Sunset

In May 2006, Plaintiffs took out an equity line of credit ("ELOC") from Wells Fargo's predecessor, World Savings Bank, FSB ("World Savings Bank")[2], in the amount of $233,000. RJN, Ex. F. This loan was secured by a Deed of Trust on the 718 Sunset property, which was recorded in the Alameda County Recorder's Office on June 6, 2006. RJN, Ex. G. In April 2012, Wells Fargo recorded a Request for Notice of Default concerning this property. RJN, Ex. H.

On February 13, 2007, Plaintiffs signed a Deed of Trust concerning this property, securing a loan in the amount of $155,000.00 from Washington Mutual, which was recorded in the Alameda County Recorder's Office on March 3, 2007. RJN, Ex. I. In February 2012, JPM Chase (Washington Mutual's successor) caused to be recorded a Notice of Default on its March 2007 Deed of Trust. RJN, Ex. J. According to the Notice of Default, Plaintiffs defaulted on their loan in November 2010. *Id.* Plaintiffs were in arrears $16,518.25 at the time the Notice of Default was recorded. *Id.* On May 11, 2012, a Notice of Trustee sale was recorded, noticing a sale date of June 5, 2012. RJN, Ex. K.

    2.     730 Sunset Property

On May 24, 2006, Plaintiffs took out an ELOC from World Savings Bank in the amount of $233,000. RJN, Ex. L. This loan was secured by a Deed of Trust on the 730 Sunset property. RJN, Ex. M.

On February 1, 2011, Wells Fargo caused to be recorded a Notice of Default on its May 2006 ELOC. RJN, Ex. N. According to this Notice, Plaintiffs defaulted on this loan in November 2010, and were $3,922.23 at the time the Notice was recorded. *Id.* Shortly thereafter, a Substitution of Trustee was recorded. RJN, Ex. O. A Notice of Trustee Sale was recorded in September 2012. RJN,

---

    [2] Wells Fargo's predecessor in interest, World Savings Bank, FSB, changed its name to "Wachovia Mortgage, FSB" effective December 31, 2007, and then merged into Wells Fargo Bank, N.A. in November 2009. Exhibits A through E attached to Defendants' Request for Judicial Notice are documents issued by the Office of Thrift Supervision, the Office of the Comptroller of the Currency, and the FDIC that evidence this name change and merger.

Ex. P.

### 3. 1970 149th Ave.

In May 2006, Plaintiffs obtained another ELOC from World Savings Bank in the amount of $416,000.00, secured by a Deed of Trust on the 1970 149th Avenue property. RJN, Ex. Q.

In August 2012, Wells Fargo caused to be recorded a Notice of Default on its May 2006 ELOC. RJN, Ex. R. According to The Notice, Plaintiffs defaulted on this loan in January 2012, and were $5,908.16 in arrears at the time it was recorded. *Id.* Shortly thereafter, a Substitution of Trustee was recorded RJN, Exh. S. The trustee sale has not yet been noticed.

### 4. 1844 Bockman

In March 2003, Plaintiffs obtained a loan in the amount of $155,000.00 from SMCE Mortgage Bankers, Inc, secured by a Deed of Trust on the 1844 Bockman property. RJN, Ex. T. The Deed of Trust reflects that the beneficiary under the security instrument is MERS. *Id.* at 2. In March 2012, MERS caused to be recorded a Corporate Assignment of Deed of Trust transferring all beneficial interest under the Deed of Trust to Wells Fargo. RJN, Ex. U.

In July 2012, Wells Fargo caused to be recorded a Notice of Default on the SMCE loan. RJN, Ex. V. According to The Notice, Plaintiffs defaulted on this loan in January 2012, and were $11,169.15 at the time it was recorded. *Id.*

A Substitution of Trustee was also recorded, substituting Cal-Western Reconveyance Corporation as Trustee. RJN, Ex. W. A trustee sale has not been noticed.

**C.     Plaintiffs' Allegations**

In their Complaint, Plaintiffs allege that when their loans were originated, the lender securitized and sold each note and each deed of trust to a securitized trust and Wells Fargo collected mortgage payments without authorization. Compl.¶¶ 10, 12, 14, 21, 22, 25, 26. According to Plaintiffs, in collecting the mortgage payments, Wells Fargo violated the Deeds of Trust and a Pooling and Servicing Agreement ("PSA"). *Id*. ¶¶12, 22, 26.

Plaintiffs also allege that the recorded foreclosure documents (*e.g*., the notices of default, substitutions of trustee and notices of trustee sale) are void because they were robo-signed and signed

4

by employees of Wells Fargo who did not have authority to sign the documents.  Compl. ¶¶ 55, 61.

Finally, Plaintiffs allege Wells Fargo failed to contact them as required by California Civil Code section 2923.5 prior to recording the Notice of Default on the 730 Sunset, 1844 Bockman and 1970 149th Avenue properties.  Compl. ¶ 67.  Because Plaintiffs were never contacted, they allege the declarations attached to each notice of default are false, rendering the Notices and all subsequent proceedings based on the Notices void.  Compl. ¶ 68.

Based on these allegations, Plaintiffs assert claims under California law for: (1) breach of express agreements; (2) breach of implied agreements; (3) slander of title; (4) wrongful foreclosure; (5) violation of California Civil Code section 2923.5; and (6) violation of California Business and Professions Code section 17200 (unfair business practices).

Defendants now move to dismiss each of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have failed to state facts sufficient to state claim, the claims are preempted by federal law, and the claim fail for lack of tender.

### III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint based on the failure to state a claim upon which relief may be granted.  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, the Court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted

5

unlawfully." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

**A.     Federal Preemption of State Law Claims**

As a threshold argument, Defendants contend that Plaintiffs' claims against Wells Fargo – all arising under California law – are statutorily preempted under the federal Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq*. Mot. at 6. Defendants argue that the allegations against Wells Fargo entirely relate to the "processing" and "servicing" of Plaintiffs' mortgage, thereby triggering HOLA preemption. *Id*. They argue that when the loans on 718 Sunset, 730 Sunset, and 1970 149th Avenue were made to Plaintiffs, Wells Fargo's predecessor – Wold Savings Bank, FSB – was a federally-chartered savings bank, organized and operating under HOLA. *Id*. at 7. On December 31, 2007, World Savings Bank was renamed as Wachovia Mortgage, FSB, which is presently a division of Wells Fargo Bank, N.A. *Id*.

HOLA created the Office of Thrift Supervision ("OTS") to administer the statute, and "it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008). Under one of those regulations, 12 C.F.R. § 560.2, OTS makes clear that it "occupies the entire field of lending regulation for federal savings associations," leaving no room for conflicting state laws. The regulation goes on to provide a non-exhaustive list of examples of state laws that are expressly preempted. *See* 12 C.F.R. § 560.2(b). If the type of law in question is listed in 12 C.F.R. § 560.2(b), it is preempted. *Silvas v. E Trade Mortgage Corp*., 514 F.3d 1001, 1005 (9th Cir. 2008). "Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact federal savings associations in areas listed in § 560.2(b)." *Stefan v. Wachovia*, 2009 WL 4730904, at *3 (N.D. Cal. Dec.7, 2009) (holding all of plaintiffs' state law claims regarding the foreclosure process, such as wrongful foreclosure, and plaintiff's claim that the terms of the loan were unconscionable, were preempted by HOLA).

To determine whether Plaintiffs' claims are preempted, the Court considers: (a) whether HOLA applies to Wells Fargo; and (b) whether HOLA applies to Plaintiffs' claims. *Preciado*, 2013

6

WL 1899929, at *3.

The HOLA regulations promulgated by OTS apply only to federal savings associations. Because Plaintiffs' loans originated with World Savings, a federal savings association, and Wells Fargo is the successor-in-interest to World Savings with respect to Plaintiffs' loans, Wells Fargo argues that HOLA applies. Mot. at 7  Courts have held that a successor-in-interest may properly assert HOLA preemption even if the successor is not a federal savings association. *See Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank") (citation omitted). Therefore, the fact that World Savings subsequently became Wachovia and later merged into Wells Fargo, which is not a federal savings bank, does not render HOLA inapplicable where, as here, the loan originated with a federal savings bank. *See, e.g., Mullins v. Wells Fargo Bank, N.A.*, 2013 WL 5299181, at *10 (Sept. 18, 2013). Accordingly, this Court finds that HOLA applies to Wells Fargo. The question then is whether all of Plaintiffs' claims against Wells Fargo are preempted by HOLA.

Defendants argue that HOLA preempts all of Plaintiffs' claims. Specifically, Defendants argue that because the claims concern "securitization" of Plaintiffs' loans, they are preempted by HOLA as they impinge on OTS regulations § 560.2(b)(4) relating to "circumstances under which a loan may be called due and payable"; the clause under § 560.2(b)(7) relating to "security property"; and the clause under § 560.2(b)(10) relating to the "servicing, sale or purchase of . . . mortgages." *Id.* at 9. While the Court agrees with Defendants that numerous courts have held that claims based on securitization are preempted, Defendants have not provided a claim-by-claim analysis showing that *each claim* is preempted based on such allegations. Stated another way, Defendants must demonstrate how each claim relies on allegations of securitization and is therefore preempted under HOLA.

However, reviewing Plaintiffs' claims, the Court does find that Plaintiffs' sixth claim for violation of California Civil Code section 2923.5 is preempted by HOLA. Numerous courts have held that such a claim is preempted, and reviewing those decisions, the Court agrees with the

7

reasoning set forth and comes to the same conclusion with respect to Plaintiff's section 2923.5 claim. *See, e.g., Nguyen v. JP Morgan Chase Bank N.A.*, 2013 WL 2146606, at *6 (N.D. Cal. May 15, 2013); *Varela v. Wells Fargo Home Mortg.*, 2012 WL 6680261, at *6 (N.D. Cal. Dec. 21, 2012) (quoting 12 C.F.R. § 560.2(b)(10)); *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033 (N.D. Cal. Oct. 27, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010); *Parcray v. Shea Mortg., Inc.*, 2010 WL 1659369, at *9 (E.D. Cal. Apr. 23, 2010) (concluding that HOLA preempts section 2923.5 because it "concerns the processing and servicing of [the plaintiff]'s mortgage").

Accordingly, at this juncture, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claim under California Civil Code section 2923.5 as preempted by HOLA and therefore dismisses the claim with prejudice. The Court **DENIES** Defendants' motion to dismiss Plaintiffs' other claims without prejudice to Defendants reasserting such argument with a proper explanation of how any claims asserted in Plaintiffs' amended complaint fall within the scope of HOLA preemption.

**B.     Plaintiffs' Standing to Challenge Any Defect in Securitization**

In their Complaint, Plaintiffs allege that either World Savings or Wells Fargo violated the PSA by failing to timely convey the mortgage to the Securities Trust. Compl. ¶¶ 33, 36, 37. They allege that the failure to timely convey required assignments renders Wells Fargo without authority to initiate the foreclosure. They further allege that Wells Fargo continued to collect the mortgage payments in violation of the PSA. *Id.* ¶ 12. All but one of Plaintiffs' claims are premised on this "failure to securitize" theory. *See* Compl. ¶¶ 34, 36 (breach of contract); ¶ 47 (breach of implied covenant), ¶ 54 (slander of title), ¶ 6 (wrongful foreclosure), ¶ 72 (section 17200).

Defendants contend that because Plaintiffs are not a party to the PSA, they lack standing to raise any claim based on an alleged defect in securitization. Mot. at 13. As the court in *Baldoza v. Bank of America*, 2013 WL 978268, at *10 (Mar. 12, 2013), aptly summarized:

> "Ninth Circuit district courts have come to different conclusions when analyzing plaintiff's right to challenge the securitization process as Plaintiff[s] [have] here." *Johnson v. HSBC Bank USA, N.A.*, 2012 WL 928433, at *2 (S.D. Cal. Mar. 19, 2012) (citing *Schafer v. CitiMortgage, Inc.*, 2011 WL 2437267 (C.D. Cal. June 15, 2011) (denying defendants' motion to dismiss declaratory relief claim, which was based on alleged improper transfer due to alleged fraud in signing of documents); *Vogan v.*

*Wells Fargo Bank, N.A.*, 2011 WL 5826016, at *7 (E.D. Cal. Nov.17, 2011) (allowing § 17200 claim when plaintiffs alleged that assignment was executed after the closing date of securities pool, "giving rise to a plausible inference that at least some part of the recorded assignment was fabricated"); *Armeni v. America's Wholesale Lender*, 2012 WL 603242, at *2 (C.D.Cal. Feb.24, 2012); *Junger v. Bank of Am., N.A.*, 2012 WL 603262, at *3 (C.D. Cal. Feb.24, 2012)). The majority position is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA. *See Aniel v. GMAC Mortg., LLC*, 2012 WL 5389706, at *4 (N.D. Cal. Nov.2, 2012) (collecting cases); *Almutarreb v. Bank of New York Trust Co., N.A.*, 2012 WL 4371410, at *2 (N.D. Cal. Sept.24, 2012) (disagreeing with *Vogan* and *Johnson* in finding that, because Plaintiffs were neither parties nor third party beneficiaries to the PSA, they lacked standing to challenge whether the loan transfer occurred outside the temporal bounds described in the PSA) (citing cases). This Court follows the majority approach.

Like the *Baldoza* court, this court finds the prevailing majority approach applying the principle that plaintiffs who are not parties to a PSA lack standing to assert any challenge to the securitization process. Here, Plaintiffs have not and cannot allege that they are parties to the PSA. They therefore lack standing to pursue any claims predicated on Wells Fargo's violation of the PSA or any flaws in securitizing, or failing to securitize, their loans. Accordingly, this Court finds that to the extent that Plaintiffs' claims for breach of contract, breach of implied covenant, slander of title, wrongful foreclosure, and UCL claims are premised on allegations that the loans were securitized and Wells Fargo does not have standing to initiate foreclosure, such claims are subject to dismissal.

**C.     Wells Fargo and MERS' Standing to Initiate Non-Judicial Foreclosures**

Next, Defendants argue that Plaintiffs' claims fail because Wells Fargo and MERS have standing to initiate foreclosures against the properties. Mot. at 14. Specifically, Defendants argue that the loans concerning 718 Sunset, 730 Sunset, and 1970 149th Avenue were not sold to another entity; rather the original lender – World Savings – simply changed its name and then merged into Wells Fargo. *Id*. (citing RJN, Exs. G, M, and Q). Defendants submit that numerous district court decisions have recognized this name change and merger, and cites *DeLeon*, 729 F. Supp. 2d at 112, and *Nguyen*, 749 F. Supp. 2d at 1035, in support. *Id.; see also Preciado*, 2013 WL 1899929, at *1. The Court agrees with the reasoning set forth in these decisions and agrees with Defendants that Wells Fargo had standing to initiate the non-judicial foreclosure proceedings with respect to these properties.

9

Further, Defendants argue that, as to Plaintiffs' claims concerning the 1844 Bockman property, courts have rejected Plaintiffs' allegation that MERS lacks the authority to foreclose a mortgage, as Plaintiff allege in ¶ 72 of their Complaint. *See Gomes v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 370542, at *2 (E.D. Cal. Feb. 3, 2012) ("California courts have held that MERS may properly serve as a beneficiary and nominee for the lender when the deed of trust so specifies."); *Pantoja v. Countrywide Homes Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) (noting that "courts have been clear to allow MERS to conduct the foreclosure process when granted the power of sale provision."). As Defendants point out, the Deed of Trust for the 1844 Bockman property names MERS as the beneficiary and expressly provides that MERS has the authority to commence foreclosure or undertake any other action on behalf of the lender or its assigns, including assign the beneficial interest. RJN, Ex. T at 2, 3. Accordingly, Plaintiffs' allegation that MERS cannot initiate foreclosure proceedings is without merit and is insufficient to support Plaintiffs' claims.

**D.     Plaintiffs' Claims**

     1.     Claim One: Breach of Contract

In their first claim, Plaintiffs assert that Defendants breach the Deeds of Trust and the PSA. Compl. ¶¶ 29-39. Under California law, to state a breach of contract claim, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) resulting damages to the plaintiff. *Oasis W. Realty v. Goldman*, 51 Cal. 4th 811, 821 (2011).

In support of their claim, Plaintiffs allege that the Deeds of Trust include provisions for acceleration remedies limiting the power of sale to the lender in case of default (Compl ¶¶ 31-32), and that "Wells Fargo or predecessors in interest sold the[] properties in violation of the acceleration remedies provisions by failing to execute a proper written notice of the occurrence of an event of default and of Lender's election to cause the property to be sold by the true Lender or Trustee," (*Id*. ¶ 33). Specifically, Plaintiffs charge that Wells Fargo "was neither the Lender, Beneficiary or Trustee after the sale to the securitized trusts . . . .therefore Wells Fargo breached the acceleration remedies provisions of the DOTs in recording or causing to be recorded the NODs because there was no proper notice under the terms of the DOTs prior to invocation of the power of sale in that the NODs were

noticed by Trustees not authorized to act by the true beneficiaries, the certificate holders of the securitized trusts." Compl. ¶ 34.

As Defendants point out in their Motion, Plaintiffs' breach of contract claim based on the Deeds of Trust fail for several reasons. Mot. at 15-16. First, it is undisputed that Plaintiffs are in default on each of their loans. Thus, as Defendants point out, Plaintiffs have not and cannot plead that they fully performed under the Deeds of Trust. Second, as to Plaintiffs' allegations that Defendants breached the acceleration remedies and/or power of sale provisions in the Deeds of Trust because Wells Fargo and MERS lacked authority to initiate foreclosure proceedings, as discussed above, both Wells Fargo and MERS had standing to initiate foreclosure. Thus, Plaintiffs cannot plausibly plead the element of Defendants' breach of the Deeds of Trust. Additionally, as indicated above, Plaintiffs' allegations that securitization of the loans amounted to a breach lacks merit and therefore cannot provide the basis for Defendants' breach. Third, Plaintiffs cannot plausibly plead the elements of damages. While Plaintiffs allege that they "risk losing title to their properties" (Compl. ¶ 30) due to the securitization and alleged invalid foreclosures, such consequences are the result of Plaintiffs failing to make payments on the loans, not because of the securitization process.

Moreover, as to Plaintiffs allegations that Wells Fargo violated the PSA by failing to record assignments or timely record assignments pursuant to the PSA, because Plaintiffs are not parties to or third party beneficiaries of the PSA, they lack standing to assert to assert a claim on this basis. *Ganesan v. GMAC Mortgage, LLC*, 2012 WL 4901440, at *4 (N.D. Cal. Oct. 15, 2012).

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' first claim for breach of contract with prejudice.

2. <u>Claim Two: Breach of Implied Agreements</u>

Plaintiffs' second claim is for breach of implied agreements. Compl. at ¶¶ 40-48. Plaintiffs' claim is based on the same conduct that forms the basis of their breach of contract claim. Compl. ¶ 43. As indicated above, because Plaintiffs' claims for breach of the Deeds of Trust and PSA fail, Plaintiffs' claim for breach of implied agreements based on the same allegations fail, as well. *See Patel v. Mortgage Elec. Registration Sys., Inc.*, 4029277, at *5 (N.D. Cal. Aug. 6, 2013).

11

Accordingly, the Court grants Defendants' Motion to dismiss claim two with prejudice.

### 3. Claim Three: Slander of Title

In their third claim, Plaintiffs assert that "[t]he NODs pertaining to 730 Sunset, 1844 Bockman, and 1970 149th Ave. are false and invalid due to the beaches of DOTs and PSA(s) as set forth above." Compl. ¶ 51. Plaintiffs further allege that the "NODs are also false due to violations of California Civil Code § 2923.5," Compl. ¶ 52. As discussed in this Order, the Court finds that Plaintiffs have failed to allege any plausible claims for violation of the Deeds of Trust or the PSA and Plaintiffs have failed to allege an actionable claim for violation of section 2923.5. Thus, Plaintiffs' slander of title claim similarly fails to the extent it is based on the same allegations. In further support of their claim, Plaintiffs also allege:

> 55. Moreover, the NODs, Substitution of Trustees, and NOTs are invalid because the documents were signed by robo-signers, purporting to be employees and officers of the trustee, but who were actually employees of Wells Fargo. The signers therefore did not have the legal authority to sign on behalf of Defendant Wells Fargo.
>
> 56. Defendants Wells Fargo ad MERS recorded false documents with malice knowing that the aforementioned recorded documents were fabricated due to the fact that they were signed by an employee of Wells Fargo purporting to be an officer or employee of MERS and the true trustee or NDEX, knowing that the documents violated Plaintiffs DOTs and the PSAs for the securitized trusts, and knowing that the NODs violated California Civil Code § 2923.5, with callous disregard of the rights of Plaintiffs and their interest in the Subject Property.

Compl. ¶ 55, 56.

Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 85 (1997). "The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." *Stamas v. City of Madera*, 795 F. Supp. 2d 1047, 1068 (E.D. Cal. 2011). Thus, to state a claim for slander of title, Plaintiffs must allege: "(1) a publication; (2) which is false; (3) which is without privilege or justification, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).

12

The Court finds that, as plead, Plaintiffs' remaining allegations are insufficient to state a plausible slander of title claim. As demonstrated above, Plaintiffs' allege that "the NODs, Substitution of Trustees, and NOTs are invalid because the documents were signed by robo-signers." Compl. ¶ 55. Plaintiffs' allegations simply lump these documents together and make a generalized, conclusory allegation that the documents were rob-signed. Plaintiffs then go on to allege – again, in a conclusory fashion – that Defendants "recorded false documents with malice knowing that the aforementioned recorded documents were fabricated due to the fact that they were signed by an employee of Wells Fargo purporting to be an officer or employee of MERS and the true trustee or NDEX, knowing that the documents violated Plaintiffs DOTs and the PSAs for the securitized trusts, and knowing that the NODs violated California Civil Code § 2923.5, with callous disregard of the rights of Plaintiffs and their interest in the Subject Property." Compl. ¶ 56. Plaintiffs do not specify which documents they are referring to, which information in the documents was false, and how Defendants had knowledge of such falsity. While Plaintiffs' allegations about robo-signing may be sufficient to state a plausible claim for slander of title, *see Cerezo v. Wells Fargo Bank, N.A.*, 2013 WL 4029274, at *6 (N.D. Cal. Aug. 6, 2013), Plaintiffs must come forward with more than the generalized, conclusory allegations currently stated in their Complaint. Accordingly, the Court **GRANTS** Defendants' motion with respect to Plaintiffs' slander of title claim. However, because it is possible for Plaintiffs to cure these deficiencies, dismissal is without prejudice.

    4.    <u>Claim Four: Wrongful Foreclosure</u>

Plaintiffs' fourth claim is for wrongful foreclosure. Compl. ¶¶ 60-65. Defendants contend that the claim fails because no trustee's sale has occurred. Mot. at 21. This Court agrees. In California, "[a] lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (citing *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970)). When no foreclosure sale has occurred, the cause of action is premature. *Id*. Thus, because no sale has

13

occurred in this case, Plaintiffs' claim is subject to dismissal.

### 5. Claim Five: Violation of California Civil Code § 2923.5

In their fifth claim, Plaintiffs assert that "Defendant Wells Fargo violated California Civil Code Section 2923.5 by failing to contact Plaintiff, in person or by telephone, at least 90 days prior to recording the NODs." Compl. ¶ 67. As indicated above, the Court finds that this claim is preempted by HOLA and is therefore dismissed with prejudice.

### 6. Claim Six: Violation of California Business and Professional Code § 17200

Plaintiffs' sixth claim is for violation of California Business and Professions Code section 17200 *et seq.*, which proscribes "unlawful, unfair or fraudulent" business acts and practices. Specifically, California's UCL prohibits acts or practices that are: (1) fraudulent; (2) unlawful; or (3) unfair. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).

As Plaintiffs note in their Complaint, section 17200 is a derivative cause of action. Compl. ¶ 70. Thus, Plaintiffs' ability to pursue this claim is dependent on a viable underlying claim or violation. Because the Court has found that all of Plaintiffs' substantive claims are subject to dismissal, Plaintiffs' section 17200 claim fails, as well. However, because Plaintiffs may be able to assert a viable claim in their amended complaint, dismissal is without prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 4) is **GRANTED**. Plaintiffs' claims for slander of title and violation of California Business and Professions Code section 17200 are dismissed **without prejudice**. Plaintiffs shall have until October 16, 2013, to file a first amended complaint.

14

The stay shall remain in place until further order by this Court. If Plaintiffs fail to file a first amended complaint, Defendants may file a motion to lift the stay.

**IT IS SO ORDERED.**

Dated: September 30, 2013

_____
Maria-Elena James
United States Magistrate Judge